*Summary Disposition May 25, 2016:*

MICHIGAN ASSOCIATION OF GOVERNMENTAL EMPLOYEES v STATE OF MICHIGAN, No. 147511; Court of Appeals No. 304920. On May 4, 2016, the Court heard oral argument on the application for leave to appeal the June 20, 2013 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals, and we remand this case to the Court of Claims for issuance of an order granting summary disposition in favor of the defendants on Count I of the Complaint. The Civil Service Commission has "plenary and absolute" authority to set rates of compensation and to determine the procedures by which it makes those compensation decisions. See *UAW v Green*, 498 Mich 282, 288 (2015). The consensus agreement purports to bind the parties to jointly recommend certain wage increases for civil service employees, and was part of the process by which the Civil Service Commission fixed rates of compensation. The plaintiff's breach of contract claim arises out of the exclusive constitutional authority of the Civil Service Commission to "fix rates of compensation" for the classified service. Const 1963, art 11, § 5. Judicial incursion into that process is "unavailing." *Council No 11, AFSCME v Civil Serv Comm*, 408 Mich 385, 408 (1980). The motion to supplement the record is

considered, and it is denied. Evidence regarding the amount of damages is irrelevant because the controversy fell exclusively within the purview of the Civil Service Commission.